**IT IS ORDERED as set forth below:**

Date: September 15, 2010

_____
Mary Grace Diehl
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In Re: | : | CASE NUMBER |
| | : | |
| **ALBERT B. SCHRIER and** | : | **06-40395-MGD** |
| **CHERI L. SCHRIER,** | : | |
| | : | |
| Debtors. | : | CHAPTER 13 |
| _____ : | | |

**ORDER DIRECTING DEBTORS TO FILE 11 U.S.C. § 1328 CERTIFICATE**

The above-styled Chapter 13 case is before the Court *sua sponte*. On December 29, 2009, the Chapter 13 Trustee filed her Notice of Plan Completion indicating that Albert B. Schrier and Cheri L. Schrier ("Debtors") had completed their payments to creditors pursuant to the terms of their confirmed Chapter 13 plan. The Notice, which was mailed to Debtors and their counsel, further notified Debtors that they must file a completed 11 U.S.C. § 1328 Certificate disclosing any domestic support obligations or previous discharges within 45 days to prevent their case from being closed without a discharge.[1] To date, Debtors have not filed the § 1328 Certificate. For the reasons

---

[1] The Notice also indicated that Debtors had not filed their personal financial management instructional course certificate of completion (Official Form 23) as required by 11 U.S.C. § 1328(g). Official Form 23 is a prerequisite to a Debtor receiving a discharge. It appears that

set forth herein, Debtors have through and including **OCTOBER 14, 2010**, to file their § 1328 Certificate or their case may be closed without a discharge.

11 U.S.C. § 1328 and "Debtor's 11 U.S.C. § 1328 Certificate"

Section 1328(a) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), states that the court shall grant the debtor a discharge:

> [A]s soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid... 11 U.S.C. § 1328(a).

The statute effectively requires that one of two things to happen in order for a debtor to receive a discharge: (1) a debtor with a domestic support obligation must certify that payments under the obligation are current or (2) the court must determine that no domestic support obligation exists. While the statute does not expressly require such court inquiry, given the nature of domestic support obligations and the duration of most Chapter 13 plans,[2] this Court knows no other way of

---

Debtors' opportunity to comply with the timeline prescribed by Rule 1007(c) of the Federal Rules of Bankruptcy Procedure has expired. Debtors still have the option to file a motion to allow late filing of Official Form 23 and certify completion of the personal financial management course. Without full compliance with § 1328, the Debtors are ineligible for a discharge.

[2] In most instances, it takes a debtor three to five years to complete a Chapter 13 plan, so while a debtor may not have had any domestic support obligations at the time his or her petition and plan were filed, the debtor could have incurred such an obligation during the pendency of the plan. Under these circumstances, the debtor would ideally file amendments to his or her schedules and plan. The reality, however, is that if the new obligation does not affect the debtor's ability to make the required payments under the confirmed plan, the debtor is unlikely to file amendments disclosing the obligation.

2

ensuring compliance with § 1328(a) in the absence of a debtor's certification to verify that no domestic support obligation exists.

As some Chapter 13 plans filed post-BAPCPA began to near completion, the U.S. Bankruptcy Court for the Northern District of Georgia anticipated the challenge of verifying a debtor's eligibility to receive a discharge in light of § 1328(a) and created a local form to be completed and filed by Chapter 13 debtors after the completion of their plan payments.[3] This form, entitled "Debtor's 11 U.S.C. § 1328 Certificate," requires debtors to declare whether they (1) have not been required to pay any domestic support obligation during the pendency of the case, (2) have paid all domestic support obligations as required by order or statute, or (3) have not paid all domestic support obligations as required by order or statute. A debtor must then sign the form beneath a statement that reads: "By signing this Notice, I acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on the truth of each of these statements in determining whether to grant me a discharge in this case. The Court may revoke my discharge if my statements are not accurate."

While there is no Local Rule or General Order requiring the filing of this certificate in order to receive a discharge, the form allows the Court to determine that a debtor is in compliance with § 1328(a) (and § 1328(f)) and is, barring any other prohibition, eligible to

---

[3] The "§ 1328 Certificate" also addresses § 1328(f) in that it requires debtors to disclose whether they have previously received a discharge that would make them ineligible to receive a discharge in their current case. However, a debtor's petition, which must be signed under penalty of perjury, requires a debtor to disclose any bankruptcy case filed within the previous 8 years. Debtor has disclosed his previous bankruptcy on his petition and a review of that case reveals that Debtor has not received a discharge in the previous 8 years. This Order thus addresses only Debtor's eligibility to receive a Chapter 13 discharge and the "§ 1328 Certificate" in light of § 1328(a).

3

receive a discharge. Without this completed certificate, the Court can only look to the record to try to determine whether the debtor is in compliance with § 1328. The Court can look to the debtor's petition and to U.S. Bankruptcy Court records to determine whether a debtor is eligible for a discharge under § 1328(f), but the Court has no independent means of verifying whether a debtor is current on any domestic support obligations disclosed in his or her petition and plan or whether a debtor has incurred a domestic support obligation since the filing of the case.

The Present Case

Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on March 13, 2006, and their Chapter 13 plan was confirmed on May 31, 2006. Debtors' Chapter 13 plan addressed debts to one secured creditor and provided for no payment toward unsecured debts. On December 29, 2009, the Chapter 13 Trustee filed her Notice of Completed Plan indicating that Debtors had completed their payments to creditors pursuant to the terms of their confirmed Chapter 13 plan. The Notice further informed Debtors that they must file a completed 11 U.S.C. § 1328 Certificate disclosing any domestic support obligations or previous discharges within 45 days to prevent their case from being closed without a discharge.

Debtors have not filed the certificate or otherwise provided the Court with information regarding any domestic support obligations they may have. Though Debtors and their counsel were informed of the need to file the § 1328 Certificate, because this procedure was implemented only months ago and so few Chapter 13 plans filed post-BAPCPA have reached completion, and because the notice provided to Debtors and their attorney was a notice from the Trustee and not an order by this Court, the Court is hesitant to simply close Debtors' case without a discharge for failure to file the certificate. However, the Court has been unable, on its own, to determine

4

whether Debtors are in compliance with § 1328(a).

Debtors' schedules indicate that they are married with no dependents. The Court has no way of knowing, however, whether Debtors have incurred a domestic support obligation since the filing of their case and confirmation of their plan. Any such determination based on Debtors' marital status or dependents as disclosed on Schedule I would be a based on the assumption that Debtors' circumstances now are exactly as they were in March of 2006. Any number of factors in Debtors' marital, parental, or family status could have caused them to incur a domestic support obligation during the pendency of this case and this Court cannot determine that Debtors are in compliance with § 1328(a) without affirmation from Debtors that their circumstances have not changed. Accordingly, it is

**ORDERED** that, on or before OCTOBER 14, 2010 Debtors shall file "Debtor's 11 U.S.C. § 1328 Certificate" or otherwise provide the Court with information sufficient for the Court to determine whether Debtors are in compliance with § 1328(a) to prevent this case from being closed without a discharge.

The Clerk shall serve a copy of this Order upon Debtors, counsel for Debtors, the Chapter 13 Trustee, and the U.S. Trustee.

**END OF DOCUMENT**

5

# CERTIFICATE OF NOTICE

```
District/off: 113E-6          User: gentryr              Page 1 of 1                  Date Rcvd: Sep 15, 2010
Case: 06-40395                Form ID: pdf492            Total Noticed: 5

The following entities were noticed by first class mail on Sep 17, 2010.
db/jtdb    +Albert B Schrier,    Cheri L Schrier,    1311 Tate St.,    Corinth, MS 38834-5714
aty         Brian J. Dilks,    Dilks & Knopik, LLC,    PO Box 2728,    Issaquah, WA 98027-0125
aty         Chris Rampley,    P O Box 927,    Rome, GA 30162-0927
tr         +Mary Ida Townson,    Chapter 13 Trustee,    Suite 2700 Equitable Bldg.,    100 Peachtree Street, NW,
             Atlanta, GA 30303-1906
ust        +Office of the US Trustee,    Suite 362,    75 Spring Street, SW,    Atlanta, GA 30303-3330

The following entities were noticed by electronic transmission.
NONE.                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*       +Mary Ida Townson,    Chapter 13 Trustee,    Suite 2700 - Equitable Bldg.,
             100 Peachtree Street, NW,    Atlanta, GA 30303-1906
                                                                                         TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Sep 17, 2010**                    Signature:    _Joseph Speetjens_